T.C. Summary Opinion 2008-156

UNITED STATES TAX COURT

JUE-YA YANG, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15861-07S.                    Filed December 15, 2008.

David J. Cartano, for petitioner.

Valerie L. Markarewicz, for respondent.

GERBER, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2005, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.  Respondent determined a $9,423 deficiency in Federal income tax and a $1,183 accuracy-related penalty under section 6662(a) for petitioner's 2005 tax year.  The deficiency determination was based on unreported income adjustments of $40,000 and $10,500.  Petitioner conceded that the $40,000 amount was income, but she contends that the $10,500 amount was a gift and not taxable as income.  The sole issue for our consideration is whether the $10,500 petitioner received during 2005 was a gift or income.

## Background[2]

Petitioner, Jue-Ya Yang, resided in California at the time her petition was filed.  Petitioner met Howard Shih through a mutual friend and they began dating.  Mr. Shih earned his living as an artist and calligrapher.  Eventually, petitioner's relationship with Mr. Shih became more intimate.  She moved into his home, and they cohabited.  Petitioner did some housekeeping and cooking, but she did not work for Mr. Shih under any form of written or oral contract for services.  Petitioner did not have any skill or experience in connection with Mr. Shih's artistic endeavors.

---

[2]No question was raised concerning the burden of proof or the effect of sec. 7491 on this proceeding.

During 2005 Mr. Shih gave petitioner checks totaling $10,500 to use for herself. Mr. Shih reported to respondent by means of a Form 1099-MISC, Miscellaneous Income, that the $10,500 he paid to petitioner constituted wage income and, ostensibly, he deducted the payments for purposes of computing his income for 2005. Relying on Mr. Shih's filing of Form 1099-MISC, respondent determined that petitioner had received income of $10,500.

## Discussion

The conclusion that a transfer amounts to a "gift" is one that must be reached on consideration of all the factors and one that is left to the trier of facts. Commissioner v. Duberstein, 363 U.S. 278, 287-289 (1960). In Duberstein, the Supreme Court set forth the following principles that underlie the dichotomy between a gift and income:

> This Court has indicated that a voluntarily executed transfer of his property by one to another, without any consideration or compensation therefor, though a common-law gift, is not necessarily a "gift" within the meaning of the statute. For the Court has shown that the mere absence of a legal or moral obligation to make such a payment does not establish that it is a gift. And, importantly, if the payment proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit" of an economic nature, it is not a gift. And, conversely, "[w]here the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it." A gift in the statutory sense, on the other hand, proceeds from a "detached and disinterested generosity,"; "out of affection, respect, admiration, charity or like impulses." And in this regard, the most critical

consideration, as the Court was agreed in the leading case here, is the transferor's "intention." * * *

Id. at 285-286 (citations and fn. refs. omitted).

Mr. Shih was romantically involved with Ms. Yang, and she moved into his home. There were discussions of a formal engagement, and their relationship was intimate. Mr. Shih testified at the trial and his testimony concerning his romantic relationship with Ms. Yang was evasive. Mr. Shih was called by respondent and testified on direct examination that Ms. Yang had performed services in his business in exchange for the payments made to her during 2005. On cross-examination, however, after admitting that his relationship with Ms. Yang was more than a professional one, Mr. Shih could not recall taking her out on dates or any intimacy in their relationship, even though their relationship existed only a few years ago.

It is obvious that Mr. Shih and Ms. Yang have conflicting interests in the outcome of this controversy and that their positions are diametrically opposed. Mr. Shih structured the payments to Ms. Yang so that they appeared to be wages. He issued a Form W-2, Wage and Tax Statement, and used the notation "salary" or "wages" on some of the checks used for payment.

Ms. Yang, however, was forthright in her testimony and answered all questions whether or not they favored her position. On the other hand Mr. Shih professed to remember only those things that supported his position that the payments were

income to Ms. Yang.  We find his testimony to be evasive and untrue.

The facts show that Mr. Shih made payments totaling $10,500 to Ms. Yang with "detached and disinterested generosity" out of his affection for her at the time of payment.  We accordingly hold that the $10,500 in payments made during 2005 was a gift and not reportable as income.

Ms. Yang conceded $40,000 in unreported income for 2005, and respondent has carried his burden of production to establish that section 6662(a) applies with respect to that adjustment.  Petitioner offered no evidence of reasonable cause with respect to her failure to report the $40,000 in income.  Accordingly, we hold that petitioner is liable for an accuracy-related penalty under section 6662(a) with respect to the $40,000 adjustment.  Because we have decided that the $10,500 was a gift and not taxable, we need not address the accuracy-related penalty on that adjustment.

To reflect the foregoing and petitioner's concession,

Decision will be entered
under Rule 155.